## ST. LOUIS-SAN FRANCISCO RY. CO. v. WHEELER.

No. 13305—Opinion Filed March 3, 1925.

Rehearing Denied April 7, 1925.

(Syllabus.)

### Railroads—Liability for Crossing Accidents—Case Followed.

The judgment of the lower court is affirmed upon authority of the case of St. Louis-San Francisco Railway Company v. Herbert Rundell, a minor, by his next friend, M. S. Rundell, being case No. 13304, this day decided (108 Okla. 132).

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Annie Wheeler against the St. Louis-San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, Ben Franklin, and Adelbert Brown, for plaintiff in error.

A. N. Boatman, Chas. E. Webster, W. F. Speakman, and Streeter Speakman, for defendant in error.

LESTER, J. This is an action commenced in the district court of Lincoln county, by Annie Wheeler, against the St. Louis-San Francisco Railway Company, to recover damages for the death of her husband caused by one of its trains colliding with the automobile in which the deceased was riding, at a public crossing in Creek county.

This is a companion case with case no 13,-304, St. Louis-San Francisco Railway Company v. Herbert Rundell, by his next friend, M. S. Rundell, this day decided by this court.

The facts in the two cases are almost identical; both parties were riding in the same automobile and killed at the same time. The cases were tried separately, but there was no material difference in the evidence. In this case, however, the court, at the request of the railroad company, submitted to the jury certain interrogatories, and the same were answered by the jury as follows:

"Question No. 1. State whether or not the engineer gave the statutory signal at the regular whistling post on the morning of the accident? No.

"Question No. 2. State whether or not the decedent looked and listened for an approaching train before driving on the railroad crossing? Unknown.

"Question No. 3. State whether or not there was any obstruction to the view of the decedent after he reached the defendant's right of way? No.

"Question No. 4. If the interrogatory No. 3, is answered in the negative, state how far south an approaching train could have been seen by the decedent after he entered on the de..endant's right of way? Approximately 200 feet."

The evidence is sufficient to support the findings of the jury in each instance. The cases are briefed together, and the identical questions presented in this case were presented for reversal in the Rundell Case, except the two requested instructions which were set out in the Rundell Case were not requested in the case at bar. What is said by the court in discussing the various propositions in the companion case is applicable to the case at bar, except as to the matters in this case which are settled by the special findings of the jury, and regarding the instructions not requested.

The judgment is affirmed upon authority of the case of St. Louis-San Francisco Railway Company v. Herbert Rundell, this day decided.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK. and RILEY, JJ., concur.